**Saiyad Saheed SHAH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 02–72550.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Saiyad Saheed Shah, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction under former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003), and deny the petition for review.

 Substantial evidence supports the IJ's finding that Shah failed to establish past persecution or a well-founded fear of future persecution. Shah's six hour detention, during which he was beaten, was

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not so egregious as to compel a finding of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (holding that four to six hour detention including physical abuse did not compel a finding of persecution). The record does not compel the conclusion that the two robberies Shah suffered were anything other than random criminal acts. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) (holding that random isolated criminal acts perpetrated by anonymous thieves do not establish persecution). The IJ's conclusion that Shah failed to establish a well-founded fear of future persecution is also substantially supported because Shah failed to demonstrate that the Fijian authorities have any continued interest in him or that they would refuse to protect him. *See Prasad*, 47 F.3d at 339–40.

■ By failing to demonstrate eligibility for asylum, Shah failed to satisfy the more stringent standard for withholding of deportation. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**